The defence is founded on the ground that, by the specifications of the agreement, the piers were to be of a certain thickness, and that plaintiff constructed them thicker than the specifications required; and the defendant relies on the portions of the report contained within parentheses to prove the fact. I am of opinion that the report having expressly found the contract fully performed by the plaintiff, it cannot be contradicted by mere inference to the contrary, to be gathered from statements of facts in computing the damages or amount due to the plaintiff. The referee does not allow the plaintiff for the thickness of piers exceeding the specification; and the extra amount of work is stated with the view of excluding it from the computation.
But if the fact appears in the report in such form as to prove the piers to have exceeded in thickness that prescribed in the specification, still it does not appear that such variation in overdoing the job was the least damage to the defendants. It may well be that the extra thickness was detrimental to the work; but I think we cannot presume it to have been so, in the absence of evidence. In this respect the case differs from those where the work falls short of that prescribed in the contract. There, damage may well be presumed as the necessary consequence of non-performance. But it may as well be said that a plaintiff who hires for a month, and overworks his time a day or two, cannot recover for the month, as that this plaintiff cannot recover because he constructed these piers an inch or two thicker than the contract directed. I am of opinion the judgment should be affirmed.
All the judges agreeing that the judgment was not reviewable,
Judgment affirmed. *Page 469